### In re John A. Shuttle

[ 256 A.2d 28 ]

April Term, 1969

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 17, 1969

John G. Kristensen, Esq., for the Petitioner.

*James M. Jeffords,* Attorney General, and *William T. Keefe,* Assistant Attorney General, for the State.

**Keyser, J.** This is a petition for a writ of *habeas corpus* and motion for bail made direct to this Court by petitioner, John A Shuttle.

In June 1967 the petitioner entered a plea of guilty in Washington County Court to the charge of grand larceny. Sentence was suspended and he was placed on probation. On March 29, 1968 the petitioner was convicted of the violation of his probation and sentenced to serve not less than one nor more than two years in state prison. *Mittimus* issued on March 29, 1968. It is on this *mittimus* that petitioner is presently confined to state prison.

In 1963 petitioner was convicted of his pleas of guilty in Montpelier Municipal Court to four separate charges of breaking and entering and was sentenced on each charge to serve concurrent terms of five to seven years in state prison. The petitioner was granted a writ of *habeas corpus* on these 1963 convictions by order of the United States District Court for the District of Vermont dated March 3, 1969 on the ground that petitioner's constitutional rights were violated. The order of court provided for the release of the petitioner within sixty days unless retried during that time with effective counsel. See *Shuttle* v. *Smith,* 296 F.Supp. 1315 (1969). The petitioner is not being held in state prison under any *mittimus* issued on the 1963 convictions.

This proceeding is a matter involving a prisoner in custody under sentence and falls within the ambit of the postconviction relief statutes, 13 V.S.A. §§7131-7135. Previous to amendment by No. 41, §4, 12 V.S.A. §3953, the Supreme Court had the power to entertain writs of *habeas corpus* to test the validity of a person's confinement after conviction of a criminal offense. The 1966 amendment removed this authority in such cases and placed it in the first instance in a superior judge or county court. The right of appeal to the Supreme Court is provided for whether the petition is brought for postconviction relief or relief by way of *habeas corpus.*

The case of *In re Arthur G. Mason,* 126 Vt. 122, 223 A.2d 477, controls here. On the facts alleged in that case we held that in either situation, relief under the postconviction or *habeas corpus* statutes, the original jurisdiction of such requests to this Court in a criminal case has been removed. The only relief available here is limited to appellate review of questions raised.

*Petition dismissed.*